**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
)
v. ) ID No. 1701009508
)
)
DENEISHA WRIGHT, )
)
Defendant. )

Submitted: September 24, 2020
Decided: October 30, 2020

***Upon Deneisha Wright's Request for
Appointment of Postconviction Counsel
GRANTED***

<u>**MEMORANDUM OPINION**</u>

Deneisha Wright was convicted by a jury of Murder First Degree and various

related charges. After a separate bench trial following the jury trial, the Superior

Court found Wright guilty of Possession of a Firearm by a Person Prohibited. Wright

had been represented by counsel throughout the proceedings ("Trial Counsel"). By

Order dated November 16, 2018, the Court imposed a sentence of natural life[1] plus

nine years. By Order dated June 6, 2019, the Delaware Supreme Court affirmed

Wright's convictions and sentence.[2]

---

[1] "Any person who is convicted of first-degree murder for an offense that was committed after the person had reached the person's eighteenth birthday shall be punished by . . . imprisonment for the remainder for the person's natural life without benefit of probation or parole or any other reduction . . . ." 11 *Del. C.* § 4209.

[2] *Wright v. State*, 212 A.3d 269 (Del. 2019) (TABLE).

The Constitution of the United States specifically recognizes life as a right governed by the due process clause.[3]  Although the due process clause does not establish an avenue for prisoners to collaterally attack final judgments of convictions,[4] Delaware Superior Court Rule 61 provides for that collateral attack.[5]

### Wright's Rule 61 Motion Was Filed Within the One-Year Deadline

By motion docketed July 1, 2020, Wright seeks postconviction relief pursuant to Rule 61 of the Superior Court Rules of Criminal Procedure ("Rule 61 Motion"). Rule 61 requires a defendant's postconviction motion to be filed within one year after the judgment of conviction is final.[6]  Accordingly, to be timely, Wright's Rule

---

[3] *See* U.S. CONST. amend. V (No person shall "be deprived of *life*, liberty, or property, without due process of law . . . .") (emphasis added).

[4] *See United States v. MacCollom*, 426 U.S. 317, 323 (1976) (stating that "[t]he Due Process Clause of the Fifth Amendment does not establish any right to an appeal, . . . and certainly does not establish any right to collaterally attack a final judgment of conviction").

[5] *See* Super. Ct. Crim. R. 61; *Dorsey v. State*, 2007 WL 4965637, at *1 (Del. 2007) (TABLE) (stating prisoners can collaterally attack their sentences under Rule 61).

[6] *See* Super. Ct. Crim. R. 61(i)(1).  A defendant's motion for postconviction relief "may not be filed more than one year after the judgment of conviction is final" unless the motion asserts a retroactively applicable right.  Super. Ct. Crim. R. 61(i)(1).  For postconviction motions that assert a "retroactively applicable right that is newly recognized after the judgment of conviction is final," Rule 61(i)(1) requires the motion to be filed no more than one year after the right is first recognized either by the Delaware Supreme Court or by the United States Supreme Court.  Because Wright does not assert a retroactively applicable right in her motion, this timing standard is inapplicable.

61 Motion must have been filed by June 6, 2020. As noted, Wright's Rule 61 Motion was *docketed* July 1, 2020.

Governor John Carney declared a State of Emergency on March 12, 2020[7] as result of the COVID-19 pandemic, and the Delaware Supreme Court issued a Judicial Emergency Order (the "Judicial Emergency Order") requiring all courthouses and administrative offices to close except for essential operations.[8] Court administrative operations continued with a limited number of individuals working in the courthouse for public safety reasons. All other employees were assigned to work remotely. In consideration of the extenuating circumstances, per the Delaware Supreme Court, all deadlines that expired between March 23, 2020 and June 30, 2020 were extended through July 1, 2020.[9]

Wright made diligent efforts to comply with the one-year deadline by mailing a hard copy of her Rule 61 Motion to the Leonard J. Williams Justice Center.[10]

---

[7] *See* Decl. of a State of Emergency (Mar. 12, 2020) (Gov. Carney).

[8] *See* Order Decl. Jud. Emergency (Mar. 13, 2020) (Seitz, C.J.). The Judicial Emergency Order was subsequently extended on April 14, 2020, May 14, 2020, and June 5, 2020. *See* Admin. Order No. 7 (Del. June 5, 2020) (Seitz, C.J.).

[9] *See* Admin. Order. No. 7 (Del. June 5, 2020) (Seitz, C.J.) ("Except as set forth in 10 *Del. C.* § 2007(c), deadlines in court rules or state or local statutes and ordinances applicable to the judiciary that expire between March 23, 2020, and June 30, 2020 are extended through July 1, 2020." The deadline set forth in 10 *Del. C.* § 2007(c) is not applicable here because it addresses time periods for bringing an arrested person before a magistrate.).

[10] Wright contacted the Court on two separate occasions following her Rule 61 Motion. *See* Def.'s Letter received Sept. 21, 2020; Def.'s Letter received Sept. 24, 2020. Wright relayed her attempts to locate her Rule 61 Motion and ensure the Court

Docketing of incoming filings, such as Wright's Rule 61 Motion, was substantially delayed as a result of the reduction in court administrative staff working at the courthouse. While it is certain that Wright's Rule 61 Motion was received by the Prothonotary at some time prior to June 30, 2020, the Court has been unable to ascertain the exact date Wright's Rule 61 Motion was received. Nevertheless, Wright's Rule 61 Motion was docketed on July 1, 2020, within the extended deadline set by the Delaware Supreme Court.

During the COVID-19 pandemic, this Court must balance the tension between employee safety, rule-based deadlines and the due process rights of criminal defendants such as Wright. Considerations of justice require fair and adequate review of Wright's Rule 61 Motion. Accordingly, Wright's Rule 61 Motion, docketed by the Court on July 1, 2020, is hereby deemed timely filed.

## Wright's Rule 61 Motion Is Not Procedurally Barred

Wright claims ineffective assistance of Trial Counsel as the basis for postconviction relief, specifically: (1) failing to ask a witness questions that would allegedly exonerate Wright; (2) failing to impeach a witness who claimed to observe

---

received it in light of the pandemic. Wright contacted the mailroom at Baylor Women's Correctional Institute trying to find a record of her mail. Despite Wright's efforts, she was not provided an exact date but was told "she sent legal mail out in June." Def.'s Letter received Sept. 24, 2020.

4

Wright fire the handgun; (3) failing to recognize a conflict of interest; and (4) failing to challenge gunshot residue evidence.

Rule 61(i)(1) governs the time limitations that procedurally bar postconviction motions. As noted, Wright's Rule 61 Motion was timely filed.[11] Successive postconviction motions are barred by Rule 61(i)(2).[12] As this is Wright's first Rule 61 Motion this bar is not applicable. Rule 61(i)(3) bars relief if the postconviction motion includes claims not asserted in prior proceedings leading to the final judgment, unless the movant shows cause for relief from the procedural default and prejudice from violation of the movants rights.[13] Rule 61(i)(4) bars relief if the motion includes grounds for relief formerly adjudicated in any proceeding leading to the judgment of conviction, in an appeal, or in a postconviction proceeding.[14] Both Rule 61(i)(3) and 61(i)(4) are inapplicable because Wright's claims for ineffective assistance of counsel could not have been raised on direct appeal. Therefore, the procedural requirements of Rule 61(i) are satisfied.

---

[11] A defendant's motion for postconviction relief "may not be filed more than one year after the judgment of conviction is final" unless the motion asserts a retroactively applicable right. Super. Ct. Crim. R. 61(i)(1). As stated, Wright does not assert a retroactively applicable right.

[12] Super. Ct. Crim. R. 61(i)(2).

[13] Super. Ct. Crim. R. 61(i)(3).

[14] Super. Ct. Crim. R. 61(i)(4).

## Wright is Entitled to Appointment of Counsel

Appointment of counsel in postconviction proceedings is governed by Rule 61(e).[15] A defendant's request for appointment of counsel must be filed contemporaneously with the defendant's motion for postconviction relief.[16] Failure to file a contemporaneous request for appointment of counsel *may* be deemed a waiver of counsel.[17] Wright seeks appointment of counsel by letter dated September 21, 2020.[18] Even though Wright did not submit a contemporaneous request for counsel, justice requires appointment of counsel for Wright's Rule 61 Motion.

Wright is pursuing her first postconviction challenge to a conviction for Murder First Degree, a class A felony.[19] As previously noted, this matter involves a

---

[15] Super. Ct. Crim. R. 61(e).

[16] Super. Ct. Crim. R. 61(e)(1).

[17] Super. Ct. Crim. R. 61(e)(1).

[18] In the letter from Wright received on September 21, 2020, Wright exposed her confusion regarding appointment of counsel for her first Rule 61 Motion. Relying on the advice from the "law library guy," Wright thought she would be provided counsel for her Rule 61 Motion; however, Wright states she was later told she had to request counsel. Def.'s Letter received Sept. 21, 2020. As a result, Wright's September 21, 2020 letter formally requested "help with getting counsel" for her Rule 61 Motion. Def.'s Letter received Sept. 21, 2020.

[19] Super. Ct. Crim. R. 61(e)(2). A judge shall appoint counsel for a movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside:

    (i)      a judgment of conviction after a trial has been affirmed by final order upon direct appellate review and is for a crime designated as a class A, B, or C felony under 11 *Del. C.* § 4205(b);

    (ii)      a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and resulted in the imposition of a life sentence under 11 *Del. C.* § 4214; or

6

judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and resulted in the imposition of a life sentence. In addition, it is in the interest of justice as well as judicial economy for Wright to have the benefit of counsel for a collateral attack on her conviction. Therefore, the criteria for appointment of postconviction relief counsel is met. Counsel shall be appointed to represent Wright in her pursuit of postconviction relief.

## CONCLUSION

In the interests of justice and recognizing the extenuating circumstances caused by the COVID-19 pandemic, Wright's Rule 61 Motion and request for appointment of counsel are deemed timely filed. As there are no procedural bars to Wright's Rule 61 Motion, Wright is entitled to appointment of counsel. Once counsel is appointed, a briefing schedule for Wright's Rule 61 Motion will be issued by the Court.

**NOW, THEREFORE, on this 30th day of October, 2020, Defendant Deneisha Wright's Request for Appointment of Counsel is hereby GRANTED. IT IS SO ORDERED.**

_____
**The Honorable Andrea L. Rocanelli**

---

(iii)   a sentence of death.
Super. Ct. Crim. R. 61(e)(2).

7